IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>MILTON BERRY,<br><br>       Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 1:17-cr-00086-TC |

  Defendant Milton Berry, who has been indicted on a firearm charge, moved to compel the Government to produce information related to its principal witness, a confidential informant. (See ECF No. 35.) Mr. Berry seeks the name and address of the witness, as well as various information about the witness' criminal history, background, and role as an informant, as well as monies paid or promises made to the witness by the Government. The Government, in its opposition, contends that it cannot reveal the identity of the witness because of the threat to the witness' safety, and has either produced or lacks the information responsive to each request. (See ECF No. 40.)

  On September 6, 2018, the court heard argument on Mr. Berry's motion and testimony from Special Agent Tyler Olson of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), who is leading the operation—nicknamed "Founding Fathers"—that led to Mr. Berry's

indictment. For the reasons set forth below, the court grants in part and denies in part Mr. Berry's motion.

## ANALYSIS

The Sixth Amendment's Confrontation Clause guarantees the right of a defendant in a criminal proceeding "to be confronted with the witnesses against him." U.S. Const. amend. VI. "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." Davis v. Alaska, 415 U.S. 308, 315-16 (1974) (quoting 5 J. Wigmore, Evidence § 1395, p. 123 (3d ed. 1940)). Accordingly, "the right of confrontation necessarily includes the right to 'ask the witness who he is and where he lives' because this is 'the very starting point in exposing falsehood and bringing out the truth through cross-examination' when 'the credibility of a witness is in issue.'" United States v. Gutierrez de Lopez, 761 F.3d 1123, 1140 (10th Cir. 2014) (quoting Smith v. Illinois, 390 U.S. 129, 131 (1968)).

However, the right to discover the identity of a witness is not absolute. In Smith, the Supreme Court qualified the right to exclude "questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate [the witness]." 390 U.S. at 133. In a concurrence, Justice White "place[d] in the same category those inquiries which tend to endanger the personal safety of the witness." Id. at 133-34 (White, J., concurring). The Tenth Circuit, following Justice White's concurrence, permits anonymous testimony (and thus the withholding of a witness' identity) if (i) the government demonstrates a threat, and, if so, (ii) the anonymous testimony will not "deprive[] the defendant of an opportunity for effective cross-examination." Gutierrez de Lopez, 761 F.3d at 1140.

On the first prong, the government must demonstrate a specific threat; it cannot rely only on generalized assertions that a witness would be endangered if their identity were revealed. Id. at 1144-45. In Gutierrez de Lopez, in which the defendant was prosecuted for her role in transporting undocumented aliens into the United States from Mexico, the government sought to protect the identities of two confidential informants. Id. at 1139. At trial, counsel for the government justified their anonymity because of an "ongoing investigation . . . that reaches some dangerous elements" in Mexico:

> There are cartel connections to this case, and so while these defendants, these particular defendants are not killers, if the identity of these [witnesses are] disclosed in open court or where there's a record of it, I'm concerned that that may ultimately make it back to the cartel.

Id.

The trial court found the justification sufficient and allowed the witnesses to testify under pseudonyms. But the Tenth Circuit, while ultimately affirming the district court on grounds of harmless error, held that the government had not met its burden. The government needed to "produce[] specific evidence of a threat"—to indicate actual individuals or entities that could threaten or harm the witnesses. Id. at 1144. The government could not rely "on cursory 'generalized statements' that anyone who cooperates in a case with cartel connections faces danger." Id. at 1145 (quoting United States v. Ramos-Cruz, 667 F.3d 487, 501 (4th Cir. 2012) (alteration marks omitted)).

Here, the Government has met its burden of showing a specific threat to the witness. In its opposition, the Government notes that Mr. Berry is one of ten defendants charged in separate, related cases stemming from the Founding Fathers operation. Some of the defendants are

3

currently in custody in local Utah jails, where word of the witness' identity may (and likely will) reach them before they face trial. Other defendants are not in custody and out in the community, and could actually harm the witness. Moreover, the lead defendant, Darrell Washington, has a history of violent crime, including homicide arrests. Special Agent Olson testified that the ATF has already moved the witness twice out of concerns for his safety, and plans to move the witness out of state at the conclusion of the operation.

These are not "generalized concerns" about the witness' safety. Rather, the Government has demonstrated a threat of harm from specific individuals—the other defendants, and Mr. Washington in particular—who have an incentive to prevent the witness from testifying against them or might seek retribution.

Though the Government has met its initial burden, the Confrontation Clause still requires the opportunity for an adequate cross-examination. "The touchstone for whether the Confrontation Clause has been satisfied is 'whether the jury had sufficient information to make a discriminating appraisal of the witness' motives and bias.'" United States v. Mullins, 613 F.3d 1273, 1283 (10th Cir. 2010) (quoting United States v. Gault, 141 F.3d 1399, 1403 (10th Cir.1998). Clearly, "[t]he witness' name and address open countless avenues of in-court examination and out-of-court investigation." Smith, 390 U.S. at 131. But "if the government provides defense counsel with sufficient background information on the anonymous witness (e.g. criminal history, nationality, etc.), then withholding the witness's name or address does not necessarily deprive the defendant of an opportunity for effective cross-examination." Gutierrez de Lopez, 761 F.3d at 1143.

4

Counsel for Mr. Berry requests that the Government release the name of the witness for two main reasons: first, so that she can investigate his background, and second, so that she can discuss the witness with her client before trial to understand any interactions the two may have had leading up to Mr. Berry's arrest. The Government has produced or agreed to produce a number of redacted background materials about the witness—for example, paystubs for the witness' work in the Founding Fathers operation, the witness' immigration documents, the witness' criminal history, and an unsigned copy of the ATF's confidential informant agreement. While this information may be sufficient to permit an adequate cross-examination, counsel's investigation could reveal additional background information. Counsel notes, for example, that the Government may not have information about the witness from justice court. Accordingly, the Government shall produce the name of the witness and identifying information to counsel for Mr. Berry, who may only share it with her investigators—<u>not</u> Mr. Berry or others.

While the court understands counsel's desire to share the witness' name with Mr. Berry, the right of confrontation "is not unlimited." <u>United States v. John</u>, 849 F.3d 912, 917 (10th Cir. 2017). "[T]he Confrontation Clause guarantees an <u>opportunity</u> for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." <u>Delaware v. Fensterer</u>, 474 U.S. 15, 20 (1985) (emphasis in original). The court "retain[s] wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things . . . the witness' safety." <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 679 (1986); <u>see also</u> <u>John</u>, 849 F.3d at 917. Moreover, Mr. Berry will be able to identify the witness when he testifies at trial. At that time, counsel may confer with Mr. Berry about additional lines of cross-examination.

## ORDER

For the foregoing reasons, Defendant's Emergency Motion to Compel (ECF No. 35) is GRANTED IN PART and DENIED IN PART. The Government must produce the confidential informant's name and identifying information to counsel for Mr. Berry. Moreover, the Government must produce the information it agreed to provide at the September 6, 2018 hearing. Defendant's Motion is otherwise DENIED.

IT IS FURTHER ORDERED that counsel for Mr. Berry must keep the identity of the informant confidential. She may only share his identity with her investigators, and must ensure that her investigators also keep his identity confidential.

DATED this 10th day of September, 2018.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge